## GROUND 1

TRIAL COUNSEL WAS INEFFECTIVE FOR MISADVISING PETITIONER TO DECLINE PLEA OFFER AND TO PROCEED TO TRIAL BASED ON INACCURATE DNA RESULTS.

Prior to going to Jury Trial, Petitioner's Counsel Benjamin Jones Informed Petitioner of a Fifteen Year Plea offer Proffered By States Atty. Alicia Virginio. Despite Petitioner's willingness to Accept the Fifteen Year Plea offer, Trial Counsel Erroineously stated to The Petitioner that going to trial was The Best option Because There was no DNA Matching the Petitioner in the Right Handed Glove used In The Robbery, with a weapon, (with a mask). Trial Counsel Assured The Petitioner That He Can win Trial and stated That

-1-

The Petitioner should Decline the Plea offer of Fifteen Years. As A Result Petitioner Declined the Plea offer And Proceeded to Trial.

Petitioner Argues Had He NOT BEEN ERRONEously MisAdvised, He would Have Accepted the Fifteen Year Plea offer And declined to Proceed to trial And the outcome of the Proceedings would Have Been significantly Different. To The understanding of The Petitioner, Trial Counsels Theory was That The Right Handed Glove That was used During The Commission of The Robbery, AND was Recovered In The Dumpster Along with other Evidence Linked to the Robbery Didn't Contain the Petitioner's DNA And That the Glove Found In A wooded Area Away From the Evidence Linked to The Robbery Contained

Petitioner's DNA And this will Exonerate Him from Being the Culprit of The Robbery.

Consequently to The Petitioner, He was wrong. Trial Counsel's Erroneous Presumption And Assertation that the Left Handed Glove Contained Petitioner's DNA And The Right Handed Glove That was found in the Dumpster with Evidence Linked to The Robbery was Prejudicial And Harmful to The Petitioner Beyond Measure.

Trial Counsl's Reliance upon that Presumption was Destroyed during the Course of the Trial when He Admittedly Realized His **Harmful** Error.

Counsel stated to The Presiding Judge That:

> "Mr. Cappello's Decision to Go To Trial was Based on My Inaccurate Advise To tell Him

-3-

That The Q1 And The Q4, I Got them MIXED up. I Informed Mr. Cappello Prior to Trial that Q1 Did NOT Have DNA That Matched Him And Q4 Did Have His DNA. It's The Opposite..."
(SEE Exhibits A-1 thru A-3)

Petitioner Argues that Had Trial Counsel Not inaccurately Advised Him of The DNA Results He would Have Accepted the plea OFFER He initially Sought. Trial Counsel's Assurance of His Erroneous Theory was Very Detrimental to the Petitioner And which Could Have Been Avoided Had Petitioner Been Properly Advised.

The outcome of Petitioner's Proceedings would Have Been Different Absent Trial Counsel's Error.

Trial Counsel was even Given An "out" By

-4-

The Presiding Judge when He Asked Mr. Jones what He thought the outcome would Have Been Had the Mistake Not occured, And He still didn't Take The Life Line, He said He "didn't Know" what The outcome would Have Been. (see EXHIBIT B-1).

The Petitioner In this Case Asserts That His Trial Counsel's Performance Fell Below An Objective Standard of Reasonableness, And That Due to Trial Counsel's Deficiant Performance And inaccurate Advise, Petitioner's U.S. Constitutional Sixth Amendment Right to Effective Assistance of Counsel was Violated Because No Competant Counsel would Have Made This Error.

## Ground 2

TRIAL COUNSEL WAS INEFFETIVE DUE TO HIS INTRODUCTION OF EVIDENCE THAT WAS HARMFUL TO PETIONER

During the Commission of Petitioners' Trial His Counsel Introduced Evidence That was Harmful and Prejudicial to Petitioner Beyond Measure.

Trial Counsel Entered Into Evidence States' Exhibit "P" As Defense Exhibit 1. The Problem was States' Exhibit "P" was The "Right Handed Glove" that Contained Petitioners DNA. The "Right Handed Glove" was introduced As Defense Exhibit 1 only Because Trial Counsel was under The false Assumption That The "Right Handed Glove" Did not Contain The Petitioners DNA; only

to find out later on During the course of trial that He Had Made A Very Detrimental Error in His Assumption Because He Had Mixed The DNA Results.

Petitioner Avers That no Competant Attorney would Have Introduced Evidence that was Damaging to His or Her Client. Trial Counsel Did Exactly That. (see Exhibit C-1 thru C-4) Moreover During The State's Closing Arguments the State Proposed to The Jury that The "Right Handed Glove" was The Key to The Petitioners Guilt Because It had Contained Petitioners' DNA. (see Exhibit D-1)

Even Though The State Proclaimed the Right Handed Glove to Be the Key to Their Case in Closing Argument, Trial Counsel took Away The Burden of proof when He introduced The

Right Handed Glove Himself.

Trial Counsel's error was Beyond Damaging And said error negated Petitioner's opportunity to a fair and impartial Trial. Petitioner's U.S. Constitutional Sixth Amendment Right to Effective Assistance of Counsel was Violated in light of Petitioner Being found Guilty due to Trial Counsel's Harmful Introduction of Evidence.

### Ground 3

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO HIRE A DNA EXPERT TO CHALLENGE EXPERT WITNESS

Prior to going to Trial, Trial Counsel sent the Petition a Letter stating that He would Hire a DNA Expert to Have the Clothing Retested from the "Robbery" That The State

to the FDLE Lab if the State's results did not exonerate the Petitioner (see Exhibit E-1)

All of the clothing excluded the Petitioner from having worn them except one glove, (the Right Hand Glove) and this glove was never re-tested after trial counsel repeatedly told Petitioner that he would have it retested. Moreover, during the commission of Petitioner's trial, one of the State's key witnesses whom was a DNA specialist, testified to his findings were not refuted due to the fact that Petitioner's counsel failed to hire a DNA expert to challenge those findings. Had Petitioner's counsel hired a DNA expert to have the glove retested, there is a probability that the results could have exonerated or cast doubt to the State's expert witness. Also, the DNA specialist

Could Have Refuted The States DNA Specialist Findings.

Therefore, Petitioners U.S. Constitutional Sixth Amendment Right to Effective Assistance of Counsel And His U.S. Constitutional Fourteenth Amendment Right to A Fair And Impartial Trial were Violated Due to Counsel's Ineffective Performance And Lack of Preparation.